**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3253
_____

BEL'OR MAPUDI NGOMA MBEMBA,
                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A204-846-581)
District Judge: Kuyomars Q. Golparvar
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 1, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed:  February 5, 2024)
_____

_____

**PER CURIAM**

In July 2020, the Department of Homeland Security served Bel'Or Mbemba, a native and citizen of the Democratic Republic of Congo ("DRC"), with a notice to appear, charging him as removable for overstaying his visa, see 8 U.S.C. § 1227(a)(1)(B), and for having been convicted of two crimes involving moral turpitude ("CIMT"), see 8 U.S.C. § 1227(a)(2)(A)(ii). At a hearing before an Immigration Judge ("IJ"), Mbemba, through counsel, conceded the allegations and both charges in the notice to appear. A.R. 646. He then sought to adjust his status under 8 U.S.C. § 1255(a) and, because of the crimes he had committed, applied for a waiver of inadmissibility under 8 U.S.C. § 1182(h) (a § 212(h) waiver).[1]

At a subsequent hearing before a different IJ, the IJ summarized that Mbemba admitted "all the factual allegations, conceded the charge[,] [t]he Court sustained the charge [and] designated [DRC] as the country of removal." A.R. 652-53. At the next hearing, the same IJ noted that it "looked like the charges were sustained previously after the respondent admitted them and conceded them," stated that the "CIMT remains sustained," and "revisited the [overstay charge]." A.R. 675. The IJ explained that "based upon the fact that [Mbemba] was admitted with a duration of status and without any further regarding [sic]

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] His application for adjustment of status was related to his marriage to a United States citizen who had died.

evidence about that duration of status having been cancelled, . . . I'm just not going to sustain the overstay because there's just not enough here to support the overstay. . . . I'm not sustaining it at this time." Id.

At the merits hearing before the same IJ, counsel and the IJ questioned Mbemba about his entry into the United States and his status in the country. Mbemba explained that he entered as a visitor in 2001, attended Temple University on an F-I student visa, and, after college, worked for the Embassy of the DRC under a A-2 visa from September 2007 "until 2013, on and off toward the end." A.R. 715. He further explained that he no longer worked Monday through Friday after he "got in trouble in 2010," and just went "part-time." A.R. 716. When counsel for the Government later asked Mbemba about the Department of State's statement that he ended his work with the Embassy of the DRC in February 2009,[2] Mbemba noted that USCIS stated that "at the time of March 31st, 2014, that [he] had status which was connected to the embassy."[3] A.R. 788. He further asserted that as of "March 8th, 2018, [he] was still an active employee of the embassy," R. 787, but, on

---

[2] The Director of the Office of Foreign Missions in the United States Department of State reported that Mbemba's duties at the Embassy of the DRC ended on February 1, 2009, and that he was no longer entitled to A-2 nonimmigrant status beginning 30 days after that, on March 2, 2009. A.R. at 1178 & 1247. See also 8 C.F.R. § 274a.12(b)(1) (explaining that non-citizens "authorized for employment with a specific employer incident to status … may be employed only by the foreign government entity"); 22 C.F.R. § 41.229(f) (explaining that the State Department, in its discretion, "may cease to recognize as entitled to classification under INA 101(a)(15)(A) (i) or (ii) any [non-citizen] who has nonimmigrant status under that provision").

[3] When he applied for an adjustment of status under I-485 in 2013, the USCIS apparently believed that he was lawfully present as an A-2 non-immigrant and that his "duration of stay" had not yet expired. A.R. at 1174.

further questioning, he also said that he did not work at the embassy in 2018, he stopped in "2013."[4]  A.R. 788.

At the end of the hearing, the IJ rendered his decision.  The IJ first recited facts related to the overstay charge:

[Mbemba] was most recently admitted, although he did state that he has been in the United States for the most part since in August of 2001, on August 31, 2008 with his diplomatic visa A-2. He said he stopped working there in 2013 and remained beyond the time he was permitted, which would have been some time shortly there-after he stopped working there.

A.R. 606.  The IJ then described Mbemba's conviction for a sex offense in Maryland and his federal bank fraud conviction.  Id. at 607.  The IJ further stated that the overstay and CIMT charges were based on what he had described.  Id.  Then, the IJ stated:

At a prior Master Calendar, the respondent did admit to all the factual allegations on the Notice to Appear, conceded the charge, and based upon his admissions, con-cessions, and the Government's documentary evidence contained at Exhibit 2, the court has found that removability has been established by clear and convincing ev-idence.

Id.[5]  The IJ went on to consider Mbemba's application for adjustment of status and his request for a § 212(h) waiver and denied both, concluding that Mbemba had not shown the

_____

[4] On his resume, he lists an end date of 2010 for his work at the Embassy of the DRC. A.R. 949.

[5] "Ex. 2" included police reports and conviction records as well as information related to

4

requisite hardship to qualify for the waiver and also that Mbemba did not merit a waiver or adjustment of status as a matter of discretion ("the applications for adjustment, along with the 212(h) waiver, are also denied as a matter of discretion," A.R. at 617).[6] Mbemba, through counsel, filed an appeal with the Board of Immigration Appeals (BIA), which affirmed the IJ's decision to deny the application for a waiver as a discretionary matter. Mbemba, proceeding pro se, filed a petition for review, but he withdrew it before we adjudicated it. See C.A. No. 21-3181.

Mbemba returned to the BIA and filed a motion to reopen the proceedings, claiming that his lawyers had rendered ineffective assistance by failing to challenge the CIMT charge during the proceedings before the IJ and on appeal. He later supplemented his motion, arguing, inter alia, that his counsel should have challenged the overstay charge instead of conceding it, and that he was neither removable, nor found removable, on the overstay charge. Without reaching Mbemba's argument relating to the CIMT charge, the BIA denied his motion. The BIA reasoned that Mbemba had not shown prejudice from any ineffective assistance of counsel because the IJ "sustained the charges," (citing, inter alia, the IJ's decision), A.R. at 2; Mbemba was removable on the overstay ground (and had not challenged that finding in his earlier appeal or complied with the procedural requirements

_____

whether Mbemba was in compliance with the A-2 status that he had previously obtained. A.R. 1231-1299. The letter from State Department, described supra, see n.2, was among the documents submitted. A.R. 1247.

[6] In the accompanying written summary of the decision provided "for the convenience of the parties," the IJ marked that he had found Mbemba removable (although he did not specify the grounds) and that he had denied applications for an adjustment of status and a § 212(h) waiver.

5

to present, in his motion to reopen, the ineffectiveness claim related to the overstay charge); and Mbemba could not show "that he is eligible for or merits a favorable exercise of discretion" because the IJ had "denied . . . relief in the exercise of discretion" (citing, inter alia, the page of the IJ's decision that had denied adjustment of status as a matter of discretion), A.R. at 4.

Mbemba filed a timely petition for review, which we have jurisdiction to consider under 8 U.S.C. § 1252. Essentially, Mbemba claims that the BIA erred in rejecting his claims of ineffective assistance of counsel about the CIMT charge because it erred in concluding the IJ had sustained the overstay charge and in failing to recognize that there was a reasonable probability that his proceedings could be terminated if counsel had challenged the CIMT charge. He maintains that he showed the requisite prejudice to obtain relief.

We review the BIA's decision to deny reopening for abuse of discretion.[7] See Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we "will not disturb the BIA's decision unless it is found to be arbitrary, irrational, or contrary to law." Liem v. Att'y Gen., 921 F.3d 388, 395 (3d Cir. 2019) (internal quotation marks and citations omitted).

Upon review of the record, we conclude that the BIA did not abuse its discretion in denying reopening because Mbemba could not show the requisite prejudice. To obtain

---

[7] We do not, however, reach issues that have not been raised on appeal. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited claims by failing to raise them in the opening brief).

6

relief on an ineffective assistance claim, Mbemba must show not only that competent counsel would have acted differently but also that he was prejudiced by counsel's performance. Saint Ford v. Att'y Gen., 51 F.4th 90, 95 (3d Cir. 2022). To show prejudice, he must demonstrate that there was a reasonable probability, i.e., a significant possibility, that the IJ would not have entered an order of removal absent counsel's errors. Id. at 95-96. And Mbemba cannot show a significant possibility of a different outcome because, as the BIA concluded, the IJ had found Mbemba removable on both charges.[8]

In his oral decision, the IJ noted that Mbemba conceded a charge (in the singular), as Mbemba points out. However, in addition to noting the concession, the IJ outlined the evidence in the record relating to the overstay charge (as well as the CIMT charge) before stating that he "has found" Mbemba removable. A.R. 606-07. While Mbemba contends that nothing had changed since the IJ had stated that he was revisiting the overstay charge, in the interim, the Government had submitted evidence and Mbemba had testified on direct and cross examination about his time in the country and his employment history. Because he was found removable on the overstay charge, the proceedings would not have been terminated if counsel had challenged the CIMT charge.[9] While Mbemba would no longer

_____

[8] Whether we treat the BIA's conclusion as a legal one, which we review de novo, or a factual one, which we review for substantial evidence, see Filja, 447 F.3d at 251, we come to the same conclusion.

[9] The BIA did not reach his arguments about a potential challenge to the CIMT charge, and neither do we. And, although Mbemba raised ineffectiveness claims about the overstay charge when he supplemented his motion to reopen before the agency, he forfeited them when he neither raised those issues in his brief nor challenged the disposition of the claims by the agency. See M.S. by & through Hall, 969 F.3d at 124 n.2. Accordingly, he would still be removable because of the overstay even if he could prevail on the

7

have needed a § 212(h) waiver, he still would have needed to adjust his status.  And the IJ denied adjustment as a matter of discretion, which is a decision that we cannot review, <u>see</u> 8 U.S.C. § 1252(a)(2)(B)(ii), even if Mbemba challenged it, which he does not.

For these reasons, we deny his petition for review.

---

ineffectiveness claim that he pursues in his brief.